UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ikechi Kallys Albert,                                                Civil No. 06-3672 (PAM/JSM)

                Plaintiff,

v.                                                                              **MEMORANDUM AND ORDER**

Dakota Communities, Inc.; Kevin
Hondl; Lori Kingston; Lisa Math;
and Elizabeth Warner;

                Defendants.

---

This matter is before the Court on a Motion to Dismiss filed by Defendants Kevin Hondl, Lori Kingston, Lisa Math, and Elizabeth Warner. For the reasons that follow, the Motion is granted in part and denied in part.[1]

**BACKGROUND**

Defendant Dakota Communities, Inc. is a Minnesota non-profit corporation that serves disabled individuals. The individually named Defendants work for Dakota Communities in various capacities: Defendant Kevin Hondl as a program director, Defendant Lori Kingston as the vice president of human resources, Defendant Lisa Math as a program coordinator, and Defendant Elizabeth Warner as an employee. Plaintiff Ikechi Albert, a Nigerian-born immigrant, also worked for Dakota Communities from September 23, 2005 to February 17, 2006, when he was terminated.

---

[1] Also before the Court was Plaintiff's Motion for Default Judgment. However, at hearing on January 11, 2007, Plaintiff voluntarily withdrew his Motion.

Albert contends that Defendants discriminated against him on the basis of color, age, disability, race, national origin, and sex. The Complaint identifies several adverse employment actions, including involuntary discharge, failure to promote, failure to accommodate, harassment, retaliatory discipline, demotion, wage loss, and differential treatment. It asserts several claims: (1) discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.; 42 U.S.C. § 1981; and the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq.; (2) retaliation and reprisal claims under Title VII and the Minnesota Whistleblower Act, Minn. Stat. § 181.932; (3) a claim under the Minnesota Vulnerable Adult Act, Minn. Stat. § 626.557; (4) a defamation claim; and (5) an invasion of privacy claim.

**DISCUSSION**

**A.    Standard of Review**

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B.     Individual Liability**

Albert relies on both Title VII and § 1981 to advance discrimination claims against all Defendants. The individually named Defendants argue that they cannot be liable for the federal law claims. They are correct as it applies to Title VII, as the Eighth Circuit Court of Appeals has made clear that individual employees may not be individually liable under Title VII. Bonomol-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997); see also Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997); D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1375 (D. Minn. 1997) (Magnuson, J.). However, Defendants' argument fails as it relates to the § 1981 claim. See Jackson v. City of St. Louis, 220 F.3d 894, 987-98 (8th Cir. 2000) (former supervisor held personally liable under § 1981 and § 1983); Brooks v. Linn-Mar Cmty. Sch. Dist., No. 95-0395, 1997 WL 33558606, at *2 (N.D. Iowa July 1, 1997) ("An individual may be held liable under § 1981, regardless of whether that individual's employer is subjected to liability.") (citations omitted). Thus, although the Title VII claims against the individual Defendants fail as a matter of law, the § 1981 claims remain.

**C.     Supplemental Jurisdiction**

Relying on 28 U.S.C. § 1367(c)(3), Defendants also argue that the Court should decline jurisdiction over the state law claims because no federal claims exist. However, because the § 1981 claims remain, their argument on this point fails.

**CONCLUSION**

Because individuals cannot be personally liable under Title VII, the Court dismisses those claims against the individually named Defendants. However, the § 1981 and state law claims remain. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket Nos. 7 and 11) is **GRANTED in part** and **DENIED in part**;

2. The Title VII claims against Defendants Kevin Hondl, Lori Kingston, Lisa Math, and Elizabeth Warner are **DISMISSED with prejudice**; and

3. Plaintiff's Motion for Default (Docket No. 17) is **DISMISSED as moot**.

Dated: January 12, 2007

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge